**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MARINUS, et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br>ALTRIA SALES & DISTRIBUTION, INC.,<br><br>　　　　　Defendant. | Case No. 2:12-cv-01956-ODW(MANx)<br><br>**ORDER DENYING MOTION RELIEVING PLAINTIFFS OF L.R. 23-3 REQUIREMENTS RE: TIME LIMIT FOR FILING CLASS CERTIFICATION MOTION [54]** |

Before the Court is Plaintiffs' Motion to be relieved of Local Rule 23-3's 90-day deadline to file a class certification motion. (ECF No. 54.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. Because a Federal Rule of Civil Procedure 26(f) report was filed on January 11, 2012 (ECF No. 23), and discovery has commenced in this action, the Court finds insufficient cause to relieve Plaintiffs completely of Local Rule 23-3's 90-day requirement. Plaintiffs' Motion is therefore **DENIED**.

In light of the procedural history of this case, the Court deems it appropriate to apply Local Rule 23-3's 90-day deadline to the date this Court received the case from the Northern District of California—March 8, 2012. Accordingly, Plaintiffs' deadline to file a class certification motion is hereby set for **June 6, 2012**. In setting this

1  deadline, the Court is court has specifically considered and rejected Plaintiffs'
2  argument in her Reply that "there is little doubt but that the filing date for
3  PLAINTIFFS' motion for class certification would have been set [by the Northern
4  District of California] in October 2012 or later."  The Court finds it doubtful that the
5  Northern District would have deemed a date more than a year after Plaintiffs'
6  complaint was filed the sort of "early practicable time" Rule 23(c)(1)(A) contemplates
7  for filing a class-certification motion absent an applicable local rule.

8        The Court also specifically rejects Plaintiffs' contention that application of
9  Local Rule 23-3's 90-day class certification deadline—even applied to the date this
10 Court received this action—would cause Plaintiffs prejudice.  (*See* Reply 4.)  Any
11 such prejudice would be of Plaintiffs' own making.  As Defendant notes,
12 "[p]resumably, as required by Rule 11, plaintiffs' counsel conducted a thorough and
13 good faith investigation into this matter before it was filed in September 2011, and
14 thus plaintiffs' counsel has been preparing to move for class certification for over
15 seven months."  (Opp'n  Ex. E, at 1.)  In addition, Rule 26(d)(1) provides that
16 discovery may not commence "before the parties have *conferred* as required by Rule
17 26(f)" (emphasis added).  The parties submitted a Joint Rule 26(f) Report on
18 January 11, 2012, which necessarily means that the parties conferred pursuant to
19 Rule 26(f) by January 11, 2012, at the latest.  (ECF No. 23.)  Thus, although no
20 scheduling conference has been held in this action to date, Plaintiffs could have
21 commenced discovery as early as January 11, 2012.  The fact that Plaintiffs chose not
22 to avail themselves of the preceding four-month opportunity to conduct discovery
23 does not establish good cause for the Court to depart from Local Rule 23-3's 90-day
24 filing deadline.
25 / / /
26 / / /
27 / / /
28 / / /

For the reasons stated above, Plaintiffs' Motion is **DENIED**.  Plaintiffs may file a class-certification motion no later than **June 6, 2012**.

**IT IS SO ORDERED.**

May 1, 2012

_____
   **HON. OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**