Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MARINUS, an individual, and CYNDI VANCE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALTRIA GROUP DISTRIBUTION COMPANY formerly doing business as ALTRIA SALES & DISTRIBUTION INC.,<br><br>Defendant. | Case No. CV 12-01956 ODW(FFMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY THE COURT** |

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential, proprietary and/or private information. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

Protective Order creates no entitlement to file confidential, proprietary and/or private information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential, proprietary or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

2.     DEFINITIONS

2.1.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff).

2.2.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.    "Confidential" Information or Items: information (regardless of how generated, stored or maintained), documents, or tangible things that contain information involving Trade Secrets, or confidential business, Personal or financial information.  Personal information includes, but is not limited to, personally identifiable information such as social security numbers, account information, medical information, performance information, home addresses, and phone numbers, except as to Plaintiffs Michelle Marinus ("Marinus") and/or Cyndi Vance ("Vance").

2.4.    "Highly Confidential" Information or Items: information (regardless of how generated, stored or maintained), documents, or tangible things that contain Trade Secret or Confidential information, documents, or material concerning the following:  (a) product formulas, specifications, recipes and manufacturing processes; (b) development of new products or technologies currently marketed or to

be marketed in the future; (c) marketing plans and methods having current or future applicability; (d) business planning and financial documents having current or future applicability; (e) financial information; and (f) other information which constitutes "Trade Secrets" (as defined in Section 2.14), when all of the above types of information are so proprietary or competitively sensitive that their disclosure is likely to cause irreparable injury to the Designating Party. Highly Confidential information shall not include payroll records or expense reimbursement records for Marinus and/or Vance.

  2.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

  2.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

  2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.10. <u>In-house Counsel</u>: attorneys who are employees of Altria Group Distribution Company, Altria Client Services Inc. (ALCS), and/or Altria Group, Inc.

  2.11. <u>Counsel (without qualifier)</u>: Outside Counsel and In-house Counsel (as well as their support staff).

  2.12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an Expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a

Party's. This definition includes a professional, jury or trial consultant retained in connection with this litigation.

    2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

    2.14. <u>Trade Secret</u>: includes (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) matters that constitute or contain trade secrets pursuant to the applicable law of the state of California.

    3.    <u>SCOPE</u>

    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony, conversations, or presentations by parties or counsel ~~to or in court or in other settings~~ that might reveal Protected Material. **Nothing herein shall apply to evidence presented at any Court proceeding or trial. Any protective measures relating to confidential information should be taken up with the judicial officer conducing the particular proceeding at the appropriate time. (FFM)**

    4.    <u>DURATION</u>

    Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    5.    <u>DESIGNATING PROTECTED MATERIAL AS "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL"</u>

///

///

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

a. <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend in the manner described above.

      b. <u>for testimony given and exhibits produced during deposition</u> <s>or in other pretrial or trial proceedings</s>, **(FFM)** that the Party or non-party offering or sponsoring the testimony identify on the record all protected testimony and specify the portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If a Designating Party has advised the court reporter that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information has been disclosed during a deposition, the court reporter shall include on the cover page the following legend: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER" or "DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER"

    When it is impractical to identify separately each portion of testimony that is entitled to protection before the close of the deposition<s>, hearing, or other proceeding</s>, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition <s>or proceeding</s> is concluded) a right to have up to thirty (30) days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order. **(FFM)**

/ / /

Once the specific transcript pages containing Protected Material are identified, they must be separately bound by the court reporter with the above legend on the first page and the same legend on the top of each page containing Protected Material.

    c. <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    5.3. <u>Inadvertent Failures to Designate</u>.  Failure to designate any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the failure.  At such time, arrangements shall be made for the return to the Designating Party to substitute properly labeled copies.  Pursuant to Fed. R. Civ. P. 502(d), the disclosure of information protected by the attorney-client, work product or other applicable privilege or protection (a "privilege") shall not, in and of itself, constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege as to one document or communication shall not, in and of itself, be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.  A Party that discovers that it has produced privileged information shall promptly, in writing, request its return or destruction within thirty (30) days of the discovery of such production.  The Receiving Party shall, within seven (7) business days of receipt of such notice, return

/ / /

or destroy the privileged documents together with all copies thereof and any notes made therefrom and shall not use such information for any purpose.

6. CHALLENGING DESIGNATIONS

6.1. ~~Timing of Challenges. A Party does not waive its right to challenge a designation by electing not to mount a challenge up to 30 days after the original designation is disclosed~~. **(FFM)**

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. Judicial Intervention. A Party that elects to press a challenge to a designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue. **Any such motion must comply with Local Rule 37. (FFM)**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a. the Receiving Party's Outside Counsel of record in this action, In-house Counsel, and said Counsel's paralegals, as well as other employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

b. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

c. Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d. the Court and its personnel;

/ / /

9
**[PROPOSED] PROTECTIVE ORDER**

e. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

g. the author of the document or the original source of the information.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. The Parties presently do not anticipate that any Highly Confidential information or items will be requested or produced in discovery in this matter. The Parties agree, however, that should there be a discovery request that calls for disclosure or production of Highly Confidential information or items, they will meet and confer to agree upon additional procedures for the disclosure and production of such Highly Confidential information or items that provide further protections and limitations on the disclosure and use of such information and items. No Highly Confidential information or items shall be disclosed or produced in this matter unless and until the Parties agree upon such additional procedures and the Court enters a modified Stipulated Protective Order incorporating such additional procedures.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Material produced to the Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three court days after

/ / /

receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Party also must immediately inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Party must deliver a copy of this Stipulated Protective Order promptly to the person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whole unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

/ / /
/ / /
/ / /
/ / /

10. FILING PROTECTED MATERIAL.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this stipulated protective order as set forth in section 4 (duration), above.

12. MISCELLANEOUS

12.1. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

Date:  13TH day of September, 2012

By: <u>/S/ FREDERICK F. MUMM</u>
Hon. Frederick F. Mumm
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND "A"

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Marinus, et al. v. Altria Group Distribution Company*, Case No. CV-12- 1956 (ODW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

# EXHIBIT B
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND "B"

I, _____, being duly sworn on oath, state the following:

**a.** I have been retained by _____ [party] to serve as an Expert in this action.

**b.** I have read and understand the Protective Order to which this Exhibit B is annexed and I attest to my understanding that access to information designated Confidential or Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

**c.** I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information or Highly Confidential information. I also shall return all Confidential information and Highly Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____